IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; LAFACE RECORDS LLC, a Delaware limited liability company; LAVA RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS INC., a Delaware corporation; VIRGIN RECORDS AMERICA INC., a California Corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> DOES 1-6, <br><br> Defendants. | 4:08CV3060 <br><br> REPORT AND RECOMMENDATION |

  The court has reviewed the PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE AND MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE (Doc. 23).

  On July 9, 2008, the court conditionally granted the plaintiffs' Motion for Leave to Take Immediate Discovery. To avoid the substantial delays and inactivity exhibited in previous cases of this nature, the plaintiffs were specifically ordered to serve their Rule 45 subpoena no later than July 25, 2008 and to effect service on all defendants by September 30, 2008. The order specifically provided:

>   8. Any requests by plaintiffs, defendants, UNL, any other interested party for changes of the deadlines established by this order shall be directed to the undersigned magistrate judge by electronically-filed written motion....

Apparently, the plaintiffs did serve the Rule 45 subpoena on or about July 10, 2008, and the recipient University acted in accordance with the July 9, 2008 order. There is no indication on the record that the plaintiffs took any other action to enforce the subpoena.

The deadline for serving the defendants expired over two months ago. The plaintiff did not timely ask for an extension of this deadline, and there has been no substantive activity in the case since the subpoena was served on the University of Nebraska last July. Remarkably, plaintiffs now advise the court that "Plaintiffs and the University have only recently come to an agreement regarding the production of the requested materials. The University will be providing their response to Plaintiffs' subpoena in the near future." They request yet another 90 days in which to identify and effectuate service on the defendants.

The plaintiffs have disregarded the court's scheduling orders and have failed to prosecute this matter with reasonable diligence. They have not shown cause why this case should not be immediately dismissed without prejudice for failure to prosecute. For these reasons,

**IT IS RECOMMENDED** that this case be dismissed without prejudice pursuant to [NECivR](#) 41.1.

Pursuant to [NECivR](#) 72.3, a party may object to a this Report and Recommendation by filing an "Objection to Report and Recommendation" within ten (10) days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.

**DATED December 12, 2008.**

                                            **BY THE COURT:**

                                            **s/ F.A. Gossett**
                                            **United States Magistrate Judge**